**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| JUSTIN LASTER,<br><br>Plaintiff,<br><br>UNITED STATES OF AMERICA *et al.*,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. 26-03099 (UNA) |

**MEMORANDUM OPINION**

Plaintiff, appearing *pro se*, sues the United States and federal employees under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346(b), 2671-2680, and seeks leave to proceed *in forma pauperis* (IFP). For the following reasons, the Court grants the IFP application and dismisses the complaint.

I.

The FTCA waives the Government's sovereign immunity for suits in tort. *Millbrook v. United States*, 569 U.S. 50, 52 (2013). Its special venue provision requires claims be brought "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). Plaintiff does not state where the underlying conduct occurred, but he resides in Americus, Georgia. Therefore, this Court in Washington, D.C., is not a proper venue. When "venue [is laid] in the wrong [judicial] district," a district court "shall dismiss, or if it be in the interest of justice, transfer such case" to a district "in which it could have been brought." 28 U.S.C. § 1406(a). "The decision whether a transfer or a dismissal is in the interest of justice . . . rests within the sound discretion of the district court." *Naartex Consulting Corp. v. Watt*, 722 F.2d 779, 789 (D.C. Cir. 1983). Although transfers are favored, *Nat'l Wildlife Fed'n v. Browner*,

237 F.3d 670, 674 (D.C. Cir. 2001), especially in *pro se* actions, *McQueen v. Harvey*, 567 F. Supp. 2d 184, 188 (D.D.C. 2008), they are "not always appropriate," *Sanchez-Mercedes v. Bureau of Prisons*, 453 F. Supp. 3d 404, 418 (D.D.C. 2020) (cleaned up). The interests of justice are not served by transferring a case that is unlikely to survive another court's scrutiny. Thus, "[i]f a 'limited review [of the merits] reveals that the case is a sure loser,' the Court 'should dismiss the case rather than waste the time of another court.'" *Id.* at 418-19 (quoting *Phillips v. Seiter*, 173 F.3d 609, 610-11 (7th Cir. 1999)).

II.

Plaintiff alleges broadly that United States District and Circuit Judges, "Court Clerks, and Assistants to the United States Court Officials and Employees . . . used their official position and powers" and Government "resources to violate 28 U.S. Code § 2674," which in turn violated his "rights to the fair administration of justice in the United States Court System[.]" Compl., ECF No. 1 at 1. He seeks $1 million in damages. *Id.* at 2.

A waiver of sovereign immunity "must be unequivocally expressed in statutory text" and "will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996). The FTCA gives federal courts exclusive jurisdiction over claims for money damages against the United States "for . . . personal injury . . . . caused by the negligent or wrongful act or omission" of a federal employee "acting within the scope of his office or employment." 28 U.S.C. § 1346(b)(1). It applies only where the United States "'would be liable to the claimant as a private person in accordance with the law of the place where the act or omission occurred.'" *FDIC v. Meye*r, 510 U.S. 471, 477 (1994) (quoting § 1346(b)); *accord* 28 U.S.C. § 2674. "Duties set forth in federal law do not . . . create duties cognizable under local tort law." *Art Metal-U.S.A.,*

*Inc. v. U.S.*, 753 F.2d 1151, 1158 (D.C. Cir. 1985). So, the "pertinent inquiry is whether the duties set forth in the federal law are analogous to those imposed under local tort law." *Id.*

Recall that Plaintiff accuses federal judges and federal judiciary officers and employees of violating his right to the fair administration of justice. To the extent his claim arises under the Constitution, the FTCA does not waive sovereign immunity for constitutional torts. *Meyer*, 510 U.S. at 478. Otherwise, Plaintiff's claim is "wholly grounded on" judicial duties "created by" federal statutes for which no private person could be held liable under local tort law. *Hornbeck Offshore Transp., LLC v. U.S.*, 569 F.3d 506, 510 (D.C. Cir. 2009). It is long established that judges "are *not* [responsible] to private parties in civil actions for their judicial acts" taken within their respective jurisdiction. *Randall v. Brigham*, 74 U.S. 523, 536 (1868) (emphasis added); *see id*. (reasoning that "judicial power" in the United States "is vested exclusively in the courts" where "judges administer justice . . . for the people and are responsible to the people alone for the manner in which they perform their duties").

More, the FTCA "entitle[s]" the United States "to assert [a] defense based upon judicial . . . immunity which otherwise would have been available to the employee . . . whose act or omission gave rise to the claim." 28 U.S.C. § 2674. That applies here because judges and court employees are absolutely immune from lawsuits based on their actions taken as part of the judicial process. *Mireles v. Waco*, 502 U.S. 9, 11-13 (1991); *Lopez v. Johnson*, 744 F. App'x 708 (D.C. Cir. Dec. 4, 2018) (per curiam) (citing *Sindram v. Suda*, 986 F.2d 1459, 1460-61 (D.C. Cir. 1993) (per curiam)). Therefore, this case will be dismissed by separate Order.

Dated: October 26, 2026

TREVOR N. McFADDEN, U.S.D.J.